THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
GRAFTON COUNTY

I, Viktoriya A. Kovalenko, Clerk of the Superior Court of the State of New Hampshire for the County of Grafton, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of the Appearance, Complaint, Order, Motion for Ex Parte Temporary Restraining Order, Order on Ex Parte Request, Affidavit of Proof of Service, and Summons in the action case #215-2023-CV-00171 Jon Meachen  v. U.S. Bank National Association as Trustee Under Pooling and Servicing Agreement Dated as of September 1, 2006 Mastr Asset Backed Securities Trust2006-NC2 Mortgage Pass-Through Certificates Series 2006-NC2 of said Superior Court.

In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court at this August day of 15th  A.D. 2023



Clerk of Superior Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER ON EX PARTE REQUEST ON
## COMPLAINT TO ENJOIN FORECLOSURE

Case Name:    **Jon Meachen v U.S Bank National Association as Trustee Under Pooling and Servicing Agreement**
Case Number:    **215-2023-CV-00171**

After reviewing Plaintiff's Ex Parte request to enjoin foreclosure, the Court issues the following order which shall remain in effect pending further order of the Court.

[X]    No Ex Parte relief is ordered at this time.  The Clerk shall schedule a hearing with notice on Plaintiff's complaint to enjoin foreclosure and the Plaintiff(s) shall serve the Defendant(s) as required in the summons issued by the Clerk.

[ ]    No Ex Parte relief is ordered.  CASE DISMISSED without further hearing.

[ ]    The request to enjoin is temporarily granted.  A hearing shall be scheduled within ___ days and the Plaintiff(s) shall serve the Defendant(s) as required in the summons issued by the Clerk.

[ ]    The Clerk shall schedule a hearing with notice on Plaintiff(s)' request for an injunction within the next ten (10) days.

[ ]    The Plaintiff(s) shall post a bond in the amount of $_____

[ ]    Other

So Ordered

_____
Date

/s/ Peter H. Bornstein
Honorable Peter H. Bornstein
July 19, 2023

_____
Presiding Justice

Clerk's Notice of Decision
Document Sent to Parties
on   07/19/2023

True Copy Attest

Viktoriya A. Kovalenko, Clerk of Court
August 15, 2023

(409)

NHJB-4034-Se (07/01/2018)

This is a Service Document For Case: 215-2023-CV-00171
Grafton Superior Court
8/16/2023 2:02 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name:  Grafton Superior

Case Name:

Case Number:  215-2023-cv-171
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**
Type of appearance (Select One)

☑ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

True Copy Attest

Select One:

☐ As Counsel for:

Viktoriya A. Kovalenko, Clerk of Court
August 15, 2023

| (Name) | (Address) | (Telephone Number) |
| (Name) | (Address) | (Telephone Number) |
| (Name) | (Address) | (Telephone Number) |

☑ I will represent myself (*self-represented*)

**WITHDRAWAL**
As Counsel for _____    _____    _____

Type of Representation: (Select one)

☐ Appearance:
  ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

  _____

  ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)
  ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

  ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

I certify that on this date I provided a copy of this document to the parties who have filed an appearance for this case by: ☐ Hand-delivery OR ☐ US Mail OR ☐ Email (only when there is prior agreement of the parties to use this method of service).

| | |
|---|---|
| 7/19/2023 | *Jon E Meachen* |
| Date | Signature |
| 1259 Streeter Pond Rd. | Jon E Meachen |
| Mailing Address | Printed Name |
| Sugar Hill NH 03586 | jem-ent@hotmail.com |
| | Email Address |
| 203-331-5729 | |
| Telephone | NH Bar ID # if attorney |

NHJB-2318-S (03/24/2014)

**Filed**
File Date: 8/4/2023 12:18 PM
Grafton Superior Court
E-Filed Document

## AFFIDAVIT OF PROOF OF SERVICE

215-2023-CV-00171

STATE OF OHIO

HAMILTON COUNTY

I deputy Pritchett, Tony L, being first duly sworn, deposes and says I received this writ on 8/1/2023 and on 8/2/2023 at 3:26:00 PM I served the within named Defendant US BANK by delivering and leaving a true copy of the Summons and Complaint, personally with  Carletta Hairston at 5065 WOOSTER PIKE, Hamilton County, Ohio

At the same time of service I was duly authorized and acting Deputy Sheriff of Hamilton County, Ohio and over twenty-one years of age and not a party to this action

CHARMAINE McGUFFEY,
SHERIFF
HAMILTON COUNTY, OHIO

*Pritchett 1184*

Pritchett, Tony L
Deputy Sheriff
Hamilton County, Ohio

Sworn to and subscribed in my presence this day Thursday, Aug 3 2023

Notary Public, State of Ohio

LISA A SELM
Notary Public
State of Ohio
My Comm. Expires
May 25, 2027

True Copy Attest

Viktoriya A. Kovalenko, Clerk of Court
August 15, 2023

8.2

# Important Service Information for Sheriff

Do not file this with the court
Provide this information to the appropriate Sheriff's Office.
See Instructions to Plaintiff for more information.

### PLEASE PRINT CLEARLY

Date: 07/26/2023                 Case #: 215-2023-CV-00171

**Who are you requesting to be served?**
Please provide whatever information you know
Name: U.S. Bank National Association

Address for service (no P.O. boxes):

425 Walnut St.                    APT #: _____

Cincinnati OH.    45202

Home phone #: _____    Cell phone #: _____

Sex: ☐ Male  ☐ Female         Race: _____

Last 4 digits of SS#: xxx-xx-  ___  ___  ___  ___       D.O.B. _____

Work name & address:

U.S. ~~Feral~~ Bank National Trust

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

**Your Information:**
Name (please print): Jon E. Meachen

Residential address:                Mailing address:

1259 Streeter Pond Rd.              Same

Sugar Hill, NH. 03586

Phone number to contact you during business hours:

203-331-5729    Alternate #: 603-991-9253

                                  Jon E. Meachen
                                  Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

## SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)

Fees Paid: $_____  Cash #: _____  Check#: _____
Id#: _____  Waiver: _____  Money Order#: _____  Credit Card: _____
Sheriff File # _____                      Authorization #: _____

# Out of State Service
# Hamilton County Sheriff's Department



Thursday, August 3, 2023

| | | | |
|---|---|---|---|
| **CASE#**<br>2152023CV00171 | **Received On**<br>8/1/2023 | **Type of Paper**<br>Summons and<br>Complaint | **Return Date**<br>8/2/2023 |

**Service On**

US BANK

**Address**

5065 WOOSTER PIKE

| **Received Fro** | **State** | **Case Caption** |
|---|---|---|
| GRAFTON | New<br>Hampshire | JON MEACHEN VS US BANK<br>NATIONAL ASSOC. |

| **Date Serv** | **Time** | **Deputy** | **Type of Service** | **Person Served** |
|---|---|---|---|---|
| 8/2/2023 | 15:26 | Pritchett, Tony L | Personal | Carletta Hairston |

| **Sheriff Fees** | **Mileage:** | **Total:** | **Date Paid** | **Check No.** | **Date Returned** |
|---|---|---|---|---|---|
| $10.00 | $12.00 | $22.00 | 8/3/2023 | Money Order $15.00 | 8/3/2023 |

**Officer's Remarks**

Balance of $7.00 due at time of receipt of this notice.

**PLEASE FORWARD PAYMENT TO:**

**HAMILTON COUNTY SHERIFF'S DEPARTMENT**
**1000 MAIN STREET – ROOM 260**
**CINCINNATI, OHIO  45202**
**ATTENTION: PROCESS SEC TION**

**PLEASE ENCLOSE A COPY OF THIS STATEMENT WITH PAYMENT.**

STATE OF NEW HAMPSHIRE

GRAFTON COUNTY

SUPERIOR COURT
215-2023-cv-171

True Copy Attest

Viktoriya A. Kovalenko, Clerk of Court

August 15, 2023

Jon Meachen
1259 Streeter Pond Road
Sugar Hill, NH 03586

v.

U.S. Bank National Association as Trustee Under Pooling And Servicing Agreement Dated As Of September 1, 2006 Mastr Asset Backed Securities Trust 2006-Nc2 Mortgage Pass-Through Certificates Series 2006-NC2
425 Walnut Street
Cincinnati, OH 45202

## COMPLAINT TO ENJOIN FORECLOSURE

NOW COMES plaintiff Jon Meachen (Mr. Meachen), and complains as follows against defendant US Bank, National Association, as Trustee (US Bank).  Mr. Meachen seeks to enjoin the foreclosure of his home, which US Bank has noticed for _August 15th_, 2023.

**Introduction**

1. RSA 479:25 provides that only "the mortgagee or his assignee" may conduct a non-judicial foreclosure pursuant to a mortgage's power of sale.  U.S. Bank is neither the mortgagee, nor is it the assignee of the original mortgagee, of Mr. Meachen's mortgage.

2. The original mortgagee was an entity named Opus Home Equity Services, Inc. (Opus).  Opus purported to assign the mortgage to New Century Mortgage Corporation (New Century).  New Century's parent company sought Chapter 11 bankruptcy protection in 2007.  In 2008, all of New Century's assets, including Mr. Meachen's mortgage, were transferred to a liquidating trust pursuant to the Chapter 11 plan.  There is no recorded document suggesting that the liquidating trust transferred or assigned Mr. Meachen's mortgage to anyone.

1

3. Nevertheless, on July 8, 2009, New Century Mortgage, claiming to be "holder of a mortgage from Jon Meachen and Rachel Meachen to Opus Home Equity Services, Inc.," purported to execute an assignment of Mr. Meachen's mortgage to US Bank.

4. This purported assignment from New Century to US Bank was void, and not merely voidable, because New Century had no interest in the mortgage to assign in 2009.

5. As the holder of a void assignment, US Bank is not the "mortgagee or assignee" of Mr. Meachen's mortgage, and therefore is not entitled to conduct the noticed foreclosure sale.

## Parties

6. Mr. Meachen is an adult individual residing at 1259 Streeter Pond Road, Sugar Hill, New Hampshire.

7. US Bank is a nationally chartered bank. According to the assignment referenced above, it has a principal place of business at 245 Walnut Street, Cincinnati, OH 45202.

## Jurisdiction and Venue

8. This Court has jurisdiction over this controversy pursuant to RSA 498:1 and RSA 479:25. It also has jurisdiction pursuant to RSA 491:22 to issue a judgment declaring the rights of the parties concerning the real estate at issue.

9. This Court has personal jurisdiction over the defendant, who has had repeated contacts and transacted substantial business in this State, including the actions which form the basis for this Complaint.

10. Venue is appropriate in Grafton County, since the plaintiff resides in that county, and the real estate subject to the mortgage sought to be foreclosed is located in that county.

## Background Facts

2

11. On or about April 19, 2006, Jon Meachen and his then-wife Rachel Meachen purchased a home at 1259 Streeter Pond Road in Sugar Hill, New Hampshire. The purchase deed to the home was recorded on April 24, 2006 at Book 3273, Page 65 of the Grafton County Registry of Deeds.

12. On the same day, Jon and Rachel Meachen executed a purchase money mortgage in favor of Opus Home Equity Services, Inc. The mortgage was recorded on April 24, 2006 at Book 3273, Page 0067 of the Grafton County Registry of Deeds.

13. Also on the same day, Opus executed an assignment of the Meachen mortgage to New Century Mortgage Corporation (New Century). This assignment was not recorded until April 13, 2010, at Book 3692, Page 111 of the Grafton County Registry of Deeds.

14. On or about May 21, 2011, Jon and Rachel Meachen were divorced by final decree of the Littleton Family Division, No. 654-2009-DM-00021. That decree awards the marital home to Jon Meachen, subject to an obligation to remove Rachel Meachen's (now Rachel Pluchino's) name from the mortgage. Rachel Pluchino has not participated in any later proceedings.

15. On April 2, 2007, New Century's parent company, New Century Financial Corporation, filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, in the U.S. Bankruptcy Court for the District of Delaware. All of New Century Financial Corporation's direct and indirect subsidiaries, including New Century Mortgage Corporation, were debtors in that bankruptcy case, which was docketed in that court as No. 07-10416 (KJC) (New Century Bankruptcy).

16. On or about April 6, 2008, the attorneys for the Debtors and Debtors-in-Possession in the New Century Bankruptcy filed with the Delaware Bankruptcy Court a Notice of Filing

3

Liquidation Trust Agreement with the New Century Liquidating Trust (the Liquidating Trust).

17. On or about April 23, 2008, the attorneys for the Debtors and Debtors-in-Possession, and the Official Committee of Unsecured Creditors, filed in the New Century Bankruptcy filed with the Delaware Bankruptcy Court the Second Amended Joint Chapter 11 Plain of Liquidation (Joint Chapter 11 Plan).

18. On or about July 15, 2008, the Delaware Bankruptcy Court entered its order Confirming the Joint Chapter 11 Plan.

19. The Joint Chapter 11 Plan provides in Section 8.E.1:

> Vesting of Assets in Liquidating Trust; Assumption of Plan Obligations. Distribution to Liquidating Trust. On the Effective Date, the Debtors other than Access Lending shall distribute and shall be deemed for all purposes to have distributed all Assets of the Debtors, including Access Lending Interests but excluding the Assets of Access Lending, for the benefit of the Holders of the Holding Company Debtor Unsecured Claims and for the benefit of the Holders of Operating Debtor Unsecured Claims, whether or not such Claims are Allowed Claims as of the Effective Date, to the Liquidating Trust. Upon the transfer of the Liquidating Trust Assets, the Debtors shall have no further interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust.

20. As the result of the Delaware Bankruptcy Court's order of July 15, 2008, the assets of New Century Mortgage Corporation vested in the Liquidating Trust.

21. On July 15, 2008, New Century Mortgage Corporation was the holder of record of the Meachen mortgage.

22. From the execution of the assignment of the Meachen mortgage to New Century on April 19, 2006 through April 12, 2010, there were no recorded assignments or other transactions of record affecting or purporting to affect the Meachen mortgage.

23. On April 13, 2010, at 9:53 a.m., the 2006 assignment of the Meachen mortgage to New Century was recorded in the Grafton County Registry of Deeds at Book 3692, Page 111.

24. Then, on April 13, 2010, also at 9:53 a.m., a document entitled "Assignment of Mortgage" was recorded in the Grafton County Registry of Deeds at Book 3692, Page 113. This document purported to effectuate an assignment of the Meachen mortgage to US Bank. The purported assignment was dated July 8, 2009 and made and executed by "Barclays Capital Real Estate Inc., d/b/a HomeEq Servicing its Attorney in Fact for New Century Mortgage Corporation."

25. The July 8, 2009 purported assignment of the Meachen mortgage contains a type-written notation, "For signatory authority Please see LPOA to be recorded herewith."

26. A Limited Power of Attorney dated February 27, 2007 was recorded in the Grafton County Registry of Deeds on October 12, 2021, at Book 4674, Page 164. US Bank has contended, in prior litigation with Mr. Meachen, that this power of attorney provides the signatory authority referred to in the July 8, 2009 purported assignment.

27. As the result of the Delaware Bankruptcy Court's order of July 15, 2008, the Meachen mortgage vested in the Trustee of the Liquidating Trust.

28. On July 8, 2009, New Century had no interest in the Meachen mortgage that it could assign to US Bank. Therefore, the purported assignment of that date, from New Century to US Bank, is void, not merely voidable, and of no effect. Therefore, US Bank has no interest in the Meachen mortgage.

**The Prior Lawsuit**

29. On December 7, 2017, US Bank filed a lawsuit in this Court, seeking a judgment to quiet title and declare that US Bank had an enforceable interest in the Meachen mortgage (the

Prior Lawsuit).  The Prior Lawsuit named New Century Mortgage Corporation, "the

heirs and/or successors of it," various known and unknown entities, and Jon Meachen

and Rachel Meachen as defendants.  The Prior Lawsuit was docketed in this Court as

No. 215-2017-CV-00338.

30. In paragraph 25 of its complaint in the Prior Lawsuit, US Bank alleged:

> As New Century is defunct, there is no entity with clear and convincing
> authority to either assign the [Meachen] Mortgage, or to designate an
> agent to assign the Mortgage on its behalf.

31. In paragraph 14 of its complaint in the Prior Lawsuit, US Bank alleged:

> Upon information and belief, at the time of the second assignment [the
> purported assignment from New Century to US Bank dated July 8, 2009
> and recorded at Book 3692, Page 113], Barclays Capital Real Estate, Inc.
> d/b/a HomeEq Servicing may not have had the actual authority to assign
> the [Meachen] Mortgage.

32. On September 6, 2019, Mr. Meachen propounded his First Set of Interrogatories to US

Bank in the Prior Lawsuit.  Interrogatory #5 asked,

> Identify all facts on which US Bank bases its information and belief
> supporting its allegation in paragraph 14 of the Complaint that "at the time
> of the second assignment, Barclays Capital Real Estate Inc., d/b/a
> HomeEq Servicing may not have had the actual authority to assign the
> Mortgage."  Identify, consistently with paragraph (m) of the definitions,
> every person with knowledge of these facts.

33. On December 5, 2019, US Bank made this response to Mr. Meachen's Interrogatory #5:

> Barclays Capital Real Estate Inc. d/b/a HomeEq Servicing executed the
> Assignment of Mortgage to the Plaintiff [US Bank] on July 8, 2009
> pursuant to a Limited Power of Attorney granted by New Century
> Mortgage Corporation on November 19, 2003.  *At the time of the
> execution of the Assignment of Mortgage to the Plaintiff, New Century
> Mortgage Corporation was, upon information and belief, the debtor in a
> Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court
> for the District of Delaware.*  (Italics added)

34. US Bank has never supplemented or retracted this interrogatory answer.

35. The italicized portion of US Bank's interrogatory answer demonstrates that US Bank was and is aware that New Century's bankruptcy, and the vesting of all its assets in the Liquidating Trust created during that bankruptcy, divested New Century of any interest in the Meachen mortgage.

36. On June 1, 2022, US Bank moved to nonsuit the Prior Lawsuit without prejudice. In that motion, US Bank claimed that it was the omission of a Limited Power of Attorney supporting the July 8, 2009 assignment, and not the bankruptcy of New Century, that "created a cloud on title" to the Meachen mortgage. US Bank's motion alleged that the omitted Limited Power of Attorney had been located and, on October 12, 2021, a certified copy recorded in the Grafton County Registry of Deeds. US Bank contended that the recording of this Limited Power of Attorney "cured the title defect," rendering the Prior Lawsuit unnecessary.

37. US Bank's motion for voluntary nonsuit was granted by order dated November 10, 2022.

38. On _____ 6/5 _____, 2023, US Bank, through counsel, sent to Mr. Meachen a foreclosure notice, as required by RSA 479:25. US Bank, claiming to be the assignee of the Meachen mortgage, proposes to foreclose on Mr. Meachen's home on August 15th, 2023.

## COUNT I
### Declaratory Judgment

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

40. As the result of the Delaware Bankruptcy Court's order of July 15, 2008, the Meachen mortgage vested in the Trustee of the New Century Liquidating Trust.

41. On July 8, 2009, New Century had no interest in the Meachen mortgage that it could assign to US Bank. Therefore, the purported assignment of that date, from New Century

7

to US Bank, is void, not merely voidable, and of no effect. Therefore, US Bank has no interest in the Meachen mortgage.

42. Pursuant to RSA 479:25, only "the mortgagee or his assignee" may invoke a mortgage's power of sale and conduct a foreclosure.

43. Since US Bank is neither the mortgagee nor his assignee, it may not invoke the power of sale clause in the Meachen mortgage, and may not proceed with the foreclosure sale.

44. As the direct and proximate result of US Bank's non-compliance with RSA 479:25, Mr. Meachen is about to suffer the irreparable harm of the permanent loss of his home. Mr. Meachen has no adequate remedy at law.

WHEREFORE, Mr. Meachen respectfully requests that this Honorable Court:

A.    Find and declare, pursuant to RSA 491:22 and RSA 479:25, that US Bank is not the mortgagee, is not the assignee, and otherwise has no interest in the Meachen mortgage;

B.    Issue an order temporarily restraining, and preliminarily and permanently enjoining, US Bank and its employees, agents or counsel, successors, and assigns, including the auctioneer, from holding a foreclosure sale of Mr. Meachen's home located at 1259 Streeter Pond Road, Sugar Hill, New Hampshire; and

C.    Grant such other and further relief as may be just and equitable.

## VERIFICATION

I, Jon Meachen, have read this Verified Complaint to Enjoin Foreclosure, and verify that the facts stated in it are based on my personal knowledge or on matters of public record, and are true and accurate to the best of my knowledge and belief.

Dated: ___7/19___, 2023                           _____Jon E Meachen_____
                                                              Jon Meachen

8

STATE OF NEW HAMPSHIRE

_____ COUNTY

This document was acknowledged before me on _____, 2023 by Jon Meachen.

_____
Justice of the Peace/Notary Public

Respectfully submitted,

JON MEACHEN

Dated: _____, 2023

_____
1259 Streeter Pond Road
Sugar Hill, NH 03586
(203) 331-5729
jem-ent@hotmail.com

**THIS PLEADING WAS PREPARED WITH THE ASSISTANCE OF A NH ATTORNEY**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us



## SUMMONS
## COMPLAINT TO ENJOIN FORECLOSURE
### RSA 479:25

Case Name:   **Jon Meachen v U.S. Bank National Association as Trustee Under Pooling and Servicing Agreement Dated as of September 1, 2006 Mastr Asset Backed Securities Trust2006-NC2 Mortgage Pass-Through Certificates Series 2006-NC2**

Case Numbers:   **215-2023-CV-00171**

Date Complaint Filed: July 19, 2023; July 19, 2023; July 19, 2023; July 19, 2023

A Complaint to Enjoin Foreclosure has been filed in this Court.  A copy of the Complaint and a Court Order, if any, is attached.

The Court has scheduled the following: **Hearing on Petition for Injunction**

**Date: August 14, 2023**          3785 Dartmouth College Highway
**Time: 9:00 AM**                  **North Haverhill NH  03774**
                                   **Location:**
**Time Allotted:  30 Minutes**

**IF YOU FAIL TO APPEAR AT THIS HEARING, THE COURT MAY MAKE ORDERS AFFECTING YOU WITHOUT YOUR INPUT.**

**The Courts ORDERS that ON OR BEFORE:**

Immediate Action | Jon Meachen shall have this Summons, the attached Complaint and any Court Orders served upon U.S. Bank National Association as Trustee Under Pooling and Servicing Agreement Dated as of September 1, 2006 Mastr Asset Backed Securities Trust2006-NC2 Mortgage Pass-Through Certificates Series 2006-NC2 immediately in a manner allowed by law.

August 14, 2023 | Jon Meachen shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice.

August 14, 2023 | U.S. Bank National Association as Trustee Under Pooling and Servicing Agreement Dated as of September 1, 2006 Mastr Asset Backed Securities Trust2006-NC2 Mortgage Pass-Through Certificates Series 2006-NC2 shall electronically file an Appearance and Answer or other responsive pleading with this Court. A copy of the Appearance and Answer or other responsive pleading must be electronically sent to the party/parties listed below.

Send copies to:

Jon Meachen                                             1259 Streeter Pond Road Sugar Hill NH  03586

U.S. Bank National Association as                       425 Walnut Street Cincinnati OH  45202   True Copy Attest
Trustee Under Pooling and Servicing
Agreement Dated as of September 1,
2006 Mastr Asset Backed Securities
Trust2006-NC2 Mortgage Pass-Through
Certificates Series 2006-NC2

Viktoriya A. Kovalenko, Clerk of Court
August 15, 2023

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

NHJB-2484-Se (07/01/2018)

This is a Service Document For Case: 215-2023-CV-00171
Grafton Superior Court
8/16/2023 2:02 PM

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

BY ORDER OF THE COURT

August 04, 2023

Viktoriya A. Kovalenko
Clerk of Court

(1177)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## JON MEACHEN
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name: **Jon Meachen v U.S. Bank National Association as Trustee Under Pooling and Servicing Agreement Dated as of September 1, 2006 Mastr Asset Backed**
Case Number: **215-2023-CV-00171**

## Instructions for  Jon Meachen

The attached Summons must be sent to the Sheriff's Department for service.  Service must be made immediately and completed before **August 14, 2023.**

## Further action is required by you
**You must:**

- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint to Enjoin Foreclosure filed with the Court per defendant**
- **Print two copies of the Court Order (if applicable)**
- **Make two packets for each defendant for service.  Each packet should contain:**
  - **One Summons**
  - **One Notice to Defendant**
  - **One Complaint to Enjoin Foreclosure filed with the Court**
  - **One Court Order (if applicable)**
- **Mail or hand deliver the packets to the Sheriff's Department where the Defendant resides for service.**

## Sheriff Departments in New Hampshire:

Belknap County Sheriff's Department:            Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:            Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:           Rockingham County Sheriff's Department:
Coos County Sheriff's Department:               Strafford County Sheriff's Department:
Grafton County Sheriff's Department:            Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***

Service must be made upon the defendant before **August 14, 2023.**  If the Sheriff is unable to complete service by **August 14, 2023**, you will receive a "Notice of Incomplete Service" from the Sheriff's Department. You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You must electronically file the 'Return of Service' form with the court by **August 14, 2023.**

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

**\*Please note: The hearing date is August 14, 2023.  This is the only notice you will receive\***

# Important Service Information for Sheriff

## <u>Do not file this with the court</u>
Provide this information to the appropriate Sheriff's Office.
See Instructions to Plaintiff for more information.
### PLEASE PRINT CLEARLY

Date: _____          Case #: _____

<u>**Who are you requesting to be served?**</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male  ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx-  _____  _____  _____  _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

<u>**Your Information:**</u>
Name (please print): _____

Residential address:          Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

Fees Paid: $_____  Cash #: _____  Check#: _____
Id#: _____  Waiver: _____  Money Order#: _____  Credit Card: _____
Sheriff File # _____          Authorization #: _____

Instructions for filing the Return of Service:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 215-2023-CV-00171 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.

**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

August 04, 2023                                          Viktoriya A. Kovalenko
Date                                                                 Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Jon Meachen v U.S. Bank National Association as Trustee Under Pooling and Servicing Agreement Dated as of September 1, 2006 Mastr Asset Backed**
Case Number:   **215-2023-CV-00171**

You have been served with a Complaint to Enjoin Foreclosure which serves as notice that this legal action has been filed against you in the **Grafton Superior Court.**  Review the Complaint to Enjoin Foreclosure to see the basis for the claim.

Each Defendant is required to electronically file an Appearance and Answer with the court by **August 14, 2023**.  You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.
2. After you register, click Start Now.  Select **Grafton Superior Court** as the location.
3. Select "I am filing into an existing case".  Enter **215-2023-CV-00171** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document."  Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Action will want to be familiar with the Rules of the Superior Court.  This information is also available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the Complaint to Enjoin Foreclosure, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

THE STATE OF NEW HAMPSHIRE

GRAFTON COUNTY                                              SUPERIOR COURT
                                                           215-2023-cv-171

Jon Meachen
1259 Streeter Pond Road
Sugar Hill, NH 03586
v.

U.S. Bank National Association as Trustee Under Pooling And Servicing Agreement Dated As
Of September 1, 2006 Mastr Asset Backed Securities Trust 2006-NC2 Mortgage Pass-Through
Certificates Series 2006-NC2
425 Walnut Street
Cincinnati, OH 45202

### PLAINTIFF'S PROPOSED ORDER FOR *EX PARTE*
### TEMPORARY RESTRAINING ORDER
### TO PREVENT FORECLOSURE

Having reviewed plaintiff's Motion for Ex Parte Temporary Restraining Order to Prevent

Foreclosure, and all exhibits and offers of proof supporting the motion, it is DECREED and

ORDERED:

Plaintiff has made an adequate showing of immediate, irreparable harm under Superior

Court Rule 48. Under the facts submitted to the Court, notice to defendants is excused beyond

the notice already given to US Bank, NA, as Trustee.

The nature of said injury and why it is irreparable is set forth in the plaintiff's pleading.

In the circumstances presented, plaintiff has no adequate remedy at law.

US Bank and its agents, including the auctioneer, are hereby temporarily ordered to

refrain from proceeding with the foreclosure scheduled for ____August 15th____, 2023 or

such other date and time selected by defendants.

This order shall remain in effect until superseded by an order entered after notice and

hearing. This matter shall be scheduled for a hearing on preliminary injunction within ten days

True Copy Attest

Viktoriya A. Kovalenko, Clerk of Court
August 15, 2023

1

unless the defendant requests an earlier hearing.  No bond is required for the issuance of this Order.

Date: _____          _____
                            Presiding Judge, Superior Court

Time: _____

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _NH Superior Court_

Case Name: _____

Case Number: _215-2023-CV-171_
(if known)

## MOTION FOR EXCEPTION FROM ELECTRONIC FILING DUE TO EXTRAORDINARY CIRCUMSTANCES

1. Your name: _Jon E Meachen_

   Residence address: _1259 Streeter Pond Rd. Sugar Hill NH. 03586_

   Mailing address (if different): _Same_

   Telephone number: _203-331-5729_    _603 991-9253_

2. Other party(s) names:

   True Copy Attest

   Viktoriya A. Kovalenko, Clerk of Court

   August 15, 2023

3. Do you have access to a computer?
   ☐ Yes
   ☒ No

4. Do you have transportation to your local courthouse or to a place where there is a public computer available (i.e. your local library)?
   ☒ Yes
   ☐ No

5. Provide any additional information you want the court to consider in this Motion for Exception from Electronic Filing Due to Extraordinary Circumstances:

   - _Not computer savvy_
   - _Owner of a small business @ busiest time of year (limited time to process computer work)_
   - _no scanner/fax_

This is a Service Document For Case: 215-2023-CV-00171
Grafton Superior Court
8/16/2023 2:02 PM

Case Name: _____

Case Number: _____

**MOTION FOR EXCEPTION FROM ELECTRONIC FILING – EXTRAODRINARY CIRCUMSTANCES**

I state that on this date I provided a copy of this document by U.S. mail or hand-delivery to:

_____ or _____
(other party)                                              (other party's attorney)

Filing Party's Verification:  I verify the truth and accuracy of all facts alleged within this document to the best of my belief and further verify that all facts contained in this document are alleged in good faith.  By affixing my electronic signature to this document I acknowledge my understanding that any false statements made in this document are punishable as perjury which may include a fine or imprisonment or both.

____7/19/2023____                              _____Jon E Meachen  7/19/23____
Date                                                        Signature

_____Jon E Meachen_____                    _____Jon E Meachen  7/19/23____
Name of Filer                                            Signature of Filer                              Date

                                                              ____203-331-5729____
Law Firm, if applicable      Bar ID # of attorney      Telephone

                                                              ____jem-ent@hotmail.com____
Address                                                      E-mail

_____
City                                State          Zip code


**FOR COURT USE ONLY:**

~~The Motion for Exception from Electronic Filing is hereby **GRANTED**.~~
~~Paper filings will be accepted from you.  You must forward all filings to the other party via U.S.~~
~~mail or hand-delivery.  See attached instructions.~~

☒ The Motion for Exception from Electronic Filing is hereby **DENIED**.
You must register/login and provide your valid e-Mail address **within 10 days** or your case/filing is subject to dismissal or default.  See attached instructions.

____7/19/23____                              _____
Date                                                        Presiding Justice

                                                              Lawrence A. MacLeod, Jr.
                                                              Presiding Justice

                                                              Clerk's Notice of Decision
                                                              Document Sent to Parties
                                                              on  07/19/2023

THE STATE OF NEW HAMPSHIRE

GRAFTON COUNTY

SUPERIOR COURT
215-2023-cv-171



True Copy Attest

Viktoriya A. Kovalenko, Clerk of Court

August 15, 2023

Jon Meachen
1259 Streeter Pond Road
Sugar Hill, NH 03586

v.

U.S. Bank National Association as Trustee Under Pooling And Servicing Agreement Dated As Of September 1, 2006 Mastr Asset Backed Securities Trust 2006-Nc2 Mortgage Pass-Through Certificates Series 2006-NC2
425 Walnut Street
Cincinnati, OH 45202

### PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION TO PREVENT FORECLOSURE

NOW COMES plaintiff Jon Meachen ("Mr. Meachen"), and moves for an *ex parte* temporary restraining order, and a preliminary and permanent injunction, to prevent a foreclosure now scheduled for ___August 15th___, 2023. In support of this motion, Mr. Meachen states:

1. Mr. Meachen owns a homestead at 1259 Streeter Pond Road, Sugar Hill, NH. Defendant US Bank, as Trustee, has scheduled a foreclosure, pursuant to RSA 479:25, for ___August 15th___, 2023.

2. If the foreclosure goes forward, Mr. Meachen will suffer immediate and irreparable harm, namely, loss of his home.

3. Mr. Meachen is likely to succeed on the merits of his request. RSA 479:25 provides that only "the mortgagee or his assignee" may conduct a non-judicial foreclosure pursuant to

a mortgage's power of sale. US Bank is neither the mortgagee, nor is it the assignee of the original mortgagee, of Mr. Meachen's mortgage.

4. The original mortgagee was an entity named Opus Home Equity Services, Inc. (Opus). Opus purported to assign the mortgage to New Century Mortgage Corporation (New Century). New Century's parent company sought Chapter 11 bankruptcy protection in 2007. In 2008, all of New Century's assets, including Mr. Meachen's mortgage, were transferred to a liquidating trust pursuant to the Chapter 11 plan. There is no recorded document suggesting that the liquidating trust transferred or assigned Mr. Meachen's mortgage to anyone.

5. Nevertheless, on July 8, 2009, New Century Mortgage, claiming to be "holder of a mortgage from Jon Meachen and Rachel Meachen to Opus Home Equity Services, Inc.," purported to execute an assignment of Mr. Meachen's mortgage to US Bank.

6. This purported assignment from New Century to US Bank was void, and not merely voidable, because New Century had no interest in the mortgage to assign in 2009.

7. As the holder of a void assignment, US Bank is not the "mortgagee or assignee" of Mr. Meachen's mortgage, and therefore is not entitled to conduct the noticed foreclosure sale.

8. Granting this motion will not cause harm to US Bank. The requested restraining order will not impair the mortgagee's mortgage position, and there is no evidence suggesting an impending drop in the property's value.

9. Granting this motion would further public policy. RSA 479:25 granted rights and benefits that mortgagees and their assignees did not enjoy at common law, namely, the right to conduct a non-judicial foreclosure pursuant to a power of sale, "[i]nstead of such suit and decree of sale," as was required at common law. Public policy and basic fairness

require that an entity seeking to enjoy this statutory benefit be the party properly entitled to do so:  the "mortgagee or his assignee."

10. It would be a financial hardship on Mr. Meachen to post bond.  He is a self-employed contractor who is fighting to stay in his home.  As noted above, granting the motion will not cause harm to defendants.    Mr. Meachen therefore requests that the Court waive the bond requirement in Superior Court Rule 48(c).

**Efforts to Contact Opposing Counsel**

11. On _____ 6/5 _____, 2023, Mr. Meachen forwarded to counsel for US Bank a copy of the Complaint, indicating that he would on _____ 7/19 _____, 2023 seek a temporary restraining order enjoining the sale.  He received no response.

WHEREFORE, Jon Meachen respectfully requests that this Honorable Court:

A.      Temporarily restrain, on an ex parte basis, US Bank, NA and its agents, including the auctioneer, from proceeding with the foreclosure sale now scheduled for _August 15th_, 2023;

B.      Preliminarily and permanently enjoin US Bank, NA, as Trustee, and and its agents, including the auctioneer, from proceeding with said foreclosure sale;

C.      Excuse Mr. Meachen from the bond requirement of Superior Court Rule 48(c); and

D.      Grant such other and further relief as may be just and equitable.

Respectfully submitted,

JON MEACHEN

Dated: __7/19__, 2023

Jon E Meachen

1259 Streeter Pond Road
Sugar Hill, NH 03586
(203) 331-5729
jem-ent@hotmail.com

**THIS PLEADING WAS PREPARED WITH THE ASSISTANCE OF A NH ATTORNEY**

4

# THE STATE OF NEW HAMPSHIRE

**GRAFTON, SS.**                                                    **SUPERIOR COURT**

True Copy Attest

No. 215-2023-CV-00171

Jon Meachen

Viktoriya A. Kovalenko, Clerk of Court

August 15, 2023                                                    v.

U.S. Bank National Association as Trustee Under Pooling and Servicing Agreement
Dated as of September 1, 2006 Mastr Asset Backed Securities Trust2006-NC2
Mortgage Pass-Through Certificates Series 2006-NC2

## ORDER

On July 19, 2023, the plaintiff filed a Motion to Enjoin Foreclosure (Index #1) and

an Ex Parte Motion for Temporary Restraining Order. (Index #2.) The plaintiff appeared

before the Court on August 4, 2023 for a hearing, at which the Court explained that the

Hamilton County Sheriff's in-hand service of the defendant on August 2, 2023 (Index #8)

was ineffectual because the plaintiff failed to comply with the provisions of RSA 510:4, II

in that RSA 510:4, II "does not authorize out-of-state personal service." South Down

Recreation Ass'n v. Moran, 141 N.H. 484, 487 (1996). In these circumstances, the Court

will issue a Temporary Restraining Order and the plaintiff shall complete service in a

manner allowed by law. To the extent that the plaintiff completes service under RSA

510:4, II, the Court observes that the statute "requires that the certified mailing to the

defendant include notice of the effected service on the secretary of state" and,

consequently, "notice of service of process on the secretary of state may not be given [to

the defendant] before the service has taken place." Impact Food Sales, Inc. v. Evans, 160

N.H. 386, 391–93 (2010).

This is a Service Document For Case: 215-2023-CV-00171
Grafton Superior Court
8/16/2023 2:02 PM

Based on the specific facts set forth in the plaintiff's Complaint to Enjoin Foreclosure Sale and Ex Parte Motion, the Court makes the following findings:

1.  Immediate and irreparable injury, loss, or damage will result to the plaintiff before the defendant or its attorneys can be heard in opposition;

2.  The nature of said injury and why it is irreparable are set forth in the plaintiff's Complaint and Ex Parte Motion; and

3.  In the circumstances presented, the plaintiff has no adequate remedy at law.

In light of the foregoing findings, the Court makes the following orders on an ex parte basis:

1.  The defendant and its agents are enjoined from foreclosing on the real estate located at 1259 Streeter Pond Road, Sugar Hill, New Hampshire;

2.  This matter shall be scheduled for a hearing on the plaintiff's request for a preliminary injunction within ten days, as the docket permits.

This temporary restraining order shall expire 10 days from the time of its issuance, on August 14, 2023.

So Ordered.

Date: 8/4/23,
at 3:27 p.m.

Hon. Peter H. Bornstein
Presiding Justice

Clerk's Notice of Decision
Document Sent to Parties
on  08/04/2023

2